726 So.2d 1267 (1998)
Danny DOBBS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00315 COA.
Court of Appeals of Mississippi.
December 30, 1998.
*1268 Raymond M. Baum, Winona, Attorney for Appellant.
Office of the Attorney General By Deirdre McCrory, Jackson, Attorneys for Appellee.
Before BRIDGES, C.J., and HERRING, HINKEBEIN and KING, JJ.
HERRING, J., for the Court:
¶ 1. Danny Dobbs appeals to this Court from his conviction in the Circuit Court of Choctaw County, Mississippi, as an accessory after the fact to burglary of a dwelling. Dobbs challenges his conviction on the basis that the trial court erred in: (1) denying a motion to suppress a written statement; (2) unduly restricting cross-examination of a witness for the State; (3) refusing to grant his request for a new trial; (4) failing to give him *1269 an opportunity to examine the State's previously undisclosed evidence; and (5) denying his motion to quash the indictment. We find that these assignments of error are without merit, and therefore, we affirm.

A. THE FACTS
¶ 2. On October 16, 1996, Jerry Robinson approached his neighbor, Finesse Kimbrough, and inquired about the possibility of acquiring a puppy. After a brief discussion, Kimbrough informed Robinson that the puppies belonged to another neighbor. Robinson then left the Kimbrough residence, and Kimbrough departed for the local store to run an errand for his elderly mother, who lived with him. As Kimbrough proceeded to the store, he noticed Robinson walking down the highway. Shortly thereafter, Kimbrough returned to his residence and discovered that someone had stolen his .22 rifle. Kimbrough notified the Choctaw County Sheriff's Office and questioned his mother, who suffered from Alzheimer's disease, about the disappearance of his rifle. Mrs. Kimbrough informed her son that a young boy stopped by the residence and asked for him. Sheriff Mike Hutchinson obtained a general description of the individual from Mrs. Kimbrough, and Mr. Kimbrough told the sheriff about his discussion with Jerry Robinson earlier that morning.
¶ 3. The next day, the sheriff questioned Robinson, and Robinson admitted that he had returned to the Kimbrough residence, opened the door, and stolen the rifle. Robinson informed the sheriff that Danny Dobbs sawed the stock off the rifle and offered to help him sell the weapon. Thereafter, Robinson stated that he, along with Dobbs and another individual, carried the weapon to a store where Dobbs sold it to an individual named Charles Parrish. Sheriff Hutchinson then recovered the rifle from Parrish and obtained a statement from Dobbs, in which he admitted his involvement in the crime. Subsequently, Robinson was charged with burglary of a dwelling, and Dobbs was indicted as an accessory after the fact. Robinson was adjudicated as a delinquent child on the crimes of larceny and shoplifting. Following a trial, a jury in the Circuit Court of Choctaw County convicted Dobbs as accessory after the fact to burglary of a dwelling. He was sentenced to serve three years in the custody of the Mississippi Department of Corrections with two years suspended and one year to serve and fine of $1,000.

B. THE ISSUES
¶ 4. Dobbs raises the following assignments of error which are taken verbatim from his brief:
I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS A STATEMENT WRITTEN IN THE HAND OF SHERIFF OF CHOCTAW COUNTY AND SIGNED BY THE DEFENDANT AS THE STATEMENT WAS NOT FREELY AND VOLUNTARILY GIVEN; THE STATEMENT WAS PRACTICALLY ILLEGIBLE AND THE TRIAL COURT DID NOT MAKE A FINDING ON THE RECORD THAT THE STATE HAD MET ITS BURDEN OF PROOF FOR ADMISSIBILITY BEYOND A REASONABLE DOUBT.
II. THE TRIAL COURT ERRED IN UNDULY RESTRICTING CROSS EXAMINATION AND IMPEACHMENT OF THE SHERIFF WHO WAS THE PRIMARY WITNESS AGAINST THE DEFENDANT.
III. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
IV. THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE THE DEFENDANT A REASONABLE OPPORTUNITY TO BECOME FAMILIAR WITH UNDISCLOSED EVIDENCE WHICH WAS NOT PROVIDED TO THE DEFENDANT PURSUANT TO HIS DISCOVERY MOTION PRIOR TO TRIAL.
V. THE TRIAL COURT SHOULD HAVE SUSTAINED DEFENDANT'S *1270 MOTION TO QUASH THE INDICTMENT, OR DIRECT A VERDICT IN FAVOR OF THE DEFENDANT BECAUSE THE DEFENDANT DID NOT AID OR ASSIST A "FELON" WHO HAD COMMITTED A "FELONY" AS REQUIRED BY STATUTE, BUT RATHER, DID SOME ACTS WITH A DELINQUENT CHILD WHO HAD COMMITTED A DELINQUENT ACT.

C. ANALYSIS

I. DID THE TRIAL COURT ERR IN FAILING TO SUPPRESS A STATEMENT OBTAINED FROM DOBBS BY SHERIFF HUTCHINSON?
¶ 5. Dobbs asserts that the trial court erred in failing to suppress a statement which he made to Sheriff Mike Hutchinson during the course of the investigation. He contends that the illegible confession was not freely and voluntarily given because the sheriff induced him to give the statement with threats of incarceration. As a result of this alleged inducement, Dobbs argues that his statement to the sheriff was inadmissible at trial. Additionally, Dobbs claims that the trial court failed to make an on-the-record finding that the State established the voluntariness of the confession beyond a reasonable doubt.
¶ 6. The determination of whether or not a confession was freely and voluntarily given is a finding of fact for the trial court. Layne v. State, 542 So.2d 237, 239 (Miss. 1989). A confession obtained as a result of promises, threats, or other inducements is not admissible at trial. Chase v. State, 645 So.2d 829, 837-38 (Miss.1994). The trial court must resolve "whether the accused has been adequately warned, and whether, under the totality of the circumstances, he has voluntarily and intelligently waived his privilege against self-incrimination." Id. The State has the burden of proving all facts relevant to the admissibility of the confession beyond a reasonable doubt. Blue v. State, 674 So.2d 1184, 1204 (Miss.1996). We will not reverse the decision of the trial court in this regard unless it is manifestly in error, or its decision is contrary to the overwhelming weight of the evidence. McGowan v. State, 706 So.2d 231, 235 (Miss.1997). Furthermore, where the evidence presented is contradictory, we must generally affirm the trial court's decision. Crawford v. State, 716 So.2d 1028, 1038 (Miss.1998).
¶ 7. Prior to the commencement of the trial, the court conducted a suppression hearing outside the presence of the jury to determine whether Dobbs's statement to the sheriff was admissible. Sheriff Mike Hutchinson testified that he obtained a voluntary statement from Dobbs on October 17, the day after the crime. The sheriff stated that he advised Dobbs of his Miranda[1] rights and that Dobbs signed a voluntary statement form which advised him of his right to remain silent, to consult with an attorney, and also acknowledged that he waived such previously explained rights. According to the sheriff, Dobbs did not appear to be under the influence of drugs or alcohol and no threats, rewards, or other promises of leniency were made to Dobbs. Sheriff Hutchinson further testified that he accurately transcribed Dobbs's statement of the events that transpired the previous day and then read the statement "word for word" along with Dobbs before he permitted Dobbs to sign the form. On cross-examination, the sheriff acknowledged that he did not use the assistance of an audio or video recorder during the confession.[2]
¶ 8. Contrary to the testimony of Sheriff Hutchinson, Dobbs testified that the purported statement was not a true representation *1271 of the events he related to the sheriff. Specifically, Dobbs denied that he was aware that Robinson had stolen the weapon from a nearby residence. Dobbs stated that Sheriff Hutchinson informed him that he "was going to take me upstairs" unless Dobbs gave a statement. It is noteworthy that at one point in his testimony, Dobbs admitted that he freely and voluntarily gave the statement to the sheriff. Dobbs stated: "I just tell him how it went." However, Dobbs then alleged that he did not understand everything contained in the statement. Nonetheless, on cross-examination, Dobbs admitted that the sheriff did not threaten him or force him to sign the statement. Dobbs also stated that he could read and write.
¶ 9. At the close of the suppression hearing, the trial court judge overruled Dobbs's motion to quash the confession. The judge concluded as follows: "[The] Court finds that there is no evidence that this statement was not freely and voluntarily given. The fact is there is evidence to the contrary and finds that the motion to suppress should be overruled."
¶ 10. Based on the evidence before us, we find that the trial court's admission of Dobbs's statement to Sheriff Hutchinson was neither contrary to the overwhelming weight of the evidence nor the result of a manifest error. The sheriff testified that he did not threaten, promise, or coerce Dobbs into giving him a statement about the events following the burglary of the nearby residence. Dobbs admitted that the sheriff did not threaten him or force him to sign the statement. Although Dobbs argues that the trial court did not make a specific, on-the-record finding in overruling his motion to suppress, the trial court judge's comments reveal that he found the statement was freely and voluntarily given beyond a reasonable doubt. As the supreme court noted, "[w]hen the circuit court expressly or implicitly resolves the issue of admissibility of a confession against a defendant, this Court's scope of review is confined to established limits." Greenlee v. State, 725 So.2d 816, 825 (Miss.1998) (emphasis added); Morgan v. State, 681 So.2d 82, 87 (Miss.1996). Furthermore, contrary to Dobbs's assertion, we find that the confession transcribed by the sheriff is completely legible. Because there is substantial evidence in the record to support the trial court's finding, this assignment of error is without merit.

II. DID THE TRIAL COURT UNDULY RESTRICT THE DEFENDANT'S CROSS-EXAMINATION AND IMPEACHMENT OF SHERIFF HUTCHINSON?
¶ 11. Dobbs asserts that the trial court unduly restricted his cross-examination of Sheriff Mike Hutchinson. He contends that an individual accused of a crime has the right to broad and extensive cross-examination of a witness, particularly the principal witness for the prosecution. Dobbs alleges that the trial court infringed upon his right to question the sheriff about his method and procedure of interrogation. Specifically, Dobbs sought to impeach the sheriff based on his allegedly questionable means of securing the confession.
¶ 12. Mississippi Rule of Evidence 611 provides that the trial "court shall exercise reasonable control over the mode and order of interrogating witnesses." M.R.E. 611(a). Subsection "b" of Rule 611 states that "[c]ross-examination shall not be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." M.R.E. 611(b). Furthermore, the supreme court has held that "the relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Craft v. State, 656 So.2d 1156, 1163 (Miss.1995).
¶ 13. During the defense's cross-examination of Sheriff Hutchinson, the following transpired:
Q. Now, at the bottom of that, of this piece of paper that you wrote out, here, I believe you wrote, "I know he had stolen *1272 the gun from Finesse Kimbrough." Is that what you wrote there? Is it possible that you misinterpreted what Danny said? He said he didn't know that he stole the gun from Finesse Kimbrough.
A. No. It is not possible.
Q. That is not possible.
A. It is not.
Q. Well, you know, we are all human. We can make mistakes.
A. I wouldn't make that big a mistake on a statement. You are very certain about something like that.
Q. Have ever thought about tape recording statements just so there won't be any question about it?
[Assistant District Attorney]: Your honor, I am going to object. The sheriff is not on trial here as far as his policies and procedures.
[Court]: It is not relevant.... Move on.
¶ 14. Dobbs relies on Suan v. State, 511 So.2d 144, 147 (Miss.1987) to support his proposition that the trial court improperly denied him of his right to cross-examine Sheriff Hutchinson. In that case, the defense attempted to establish the bias of a principal witness for the State based upon favorable treatment the witness received in exchange for his testimony. Id. The trial court limited the defendant's cross-examination of the State's witness relating to his involvement in criminal activity. Id. However, on appeal, the supreme court held that a defendant may develop or otherwise present to the jury evidence of a material witness's interest or bias because the witness received favorable treatment from law enforcement authorities. Id. at 147-48.
¶ 15. In the case sub judice, there is no evidence that Sheriff Hutchinson exhibited an interest or bias toward Dobbs. The sheriff had nothing to gain from his testimony. During the suppression hearing, the trial court concluded that the statement was freely and voluntarily given by Dobbs to the sheriff. In overruling the defendant's motion to suppress the statement, the trial court was fully aware of the sheriff's practice and procedure for taking a confession. The sheriff's failure to use an audio or video tape to secure the confession did not affect the admissibility of Dobbs's statement as such devices are not required to validate a confession.
¶ 16. Although a defendant is entitled to cross-examine a witness and to question the credibility and the weight of his testimony, such a right does not exist without evidentiary barriers. See M.R.E. 611 & cmt. The trial judge found that the questions posed by the defense were not relevant, and therefore, he sustained the State's objection to the defendant's line of questioning. Based on the evidence before this Court, we do not find that the trial court abused its discretion in limiting the defense's cross-examination of the sheriff. Moreover, notwithstanding the limitation placed by the trial court on the defense's cross-examination of the sheriff, the record reveals that Dobbs informed the jury of his concerns relating to the confession. During closing arguments, the defense again alluded to the fact that the sheriff did not employ the use of an audio or video tape to record the confession. Accordingly, this assignment of error is without merit.

III. WAS THE JURY'S VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 17. In his third assignment of error, Dobbs claims that the trial court erred in denying his motion for a new trial because the verdict was against the overwhelming weight of the evidence. Dobbs contends that there is no evidence that he was aware of the burglary or the fact that Robinson stole the weapon from the Kimbrough's residence. Additionally, Dobbs argues that the record does not support the jury's finding that he acted with the intent to help Robinson avoid arrest, trial, or conviction for the commission of the crime.
¶ 18. In reviewing the decision of the trial court, this Court views all of the evidence in the light consistent with the jury *1273 verdict. Strong v. State, 600 So.2d 199, 204 (Miss.1992). "It is the function of the jury to weigh the evidence and to determine the credibility of the witnesses." Miller v. State, 634 So.2d 127, 130 (Miss.1994). Accordingly, a motion for a new trial should only be granted to prevent an unconscionable injustice. McClain v. State, 625 So.2d 774, 781 (Miss.1993). We will reverse and remand for a new trial only upon reaching the conclusion that the trial court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997).
¶ 19. During the trial, the State introduced into evidence the statement Sheriff Hutchinson obtained from Dobbs the day after the crime. In the statement, Dobbs admitted that he was aware of the fact that Robinson had stolen the weapon from Kimbrough. Although Dobbs's statement does not acknowledge whether he knew that Robinson had stolen the rifle from the Kimbrough residence, the testimony of Robinson, himself, indicates that Dobbs was cognizant of how Robinson acquired the weapon. Robinson testified that he retrieved the rifle from the Kimbrough residence and that he did not have permission to enter the residence. Robinson stated that he later informed Dobbs that he had taken the weapon from the Kimbrough's residence. According to Robinson, Dobbs advised him to sell the weapon so that he would not "get caught with it" in his possession. Robinson admitted that Dobbs sawed the stock off the rifle and later sold the weapon to an individual at the local beer store for fifteen dollars. However, on cross-examination, the defense asked Robinson whether he ever informed Dobbs that he had "stuck [his] hand in [the residence] and got [the] gun." To which Robinson responded, "No."
¶ 20. We find that the jury was entitled to determine the credibility of the witnesses and to conclude, after hearing all of the testimony, that the proof established that Dobbs was guilty as an accessory after the fact to burglary of a dwelling. As a result, we find that the verdict was not against the overwhelming weight of the evidence.
¶ 21. Although Dobbs frames his assignment of error as a challenge to the weight of the evidence, his argument also suggests that the State failed to present sufficient evidence to support each element of the offense. This Court must examine the trial court's ruling on the sufficiency of the evidence on the last occasion when the court considered such a motion. Smith v. State, 646 So.2d 538, 542 (Miss.1994). The trial court ultimately entertained Dobbs's challenge to the sufficiency of the evidence in his motion for a judgment notwithstanding the verdict. Consequently, after reviewing the evidence in the light most favorable to the State and accepting all credible evidence which is consistent with Dobbs's guilt as true, we find that there was sufficient, credible evidence to support Dobbs's conviction.

IV. DID THE TRIAL COURT DEPRIVE DOBBS OF A REASONABLE OPPORTUNITY TO REVIEW PREVIOUSLY UNDISCLOSED EVIDENCE DURING THE TRIAL?
¶ 22. Dobbs asserts that the trial court deprived him of the opportunity to examine evidence introduced by the State which had not been previously disclosed to him in discovery. Dobbs initially filed a motion for discovery and requested the State to exhibit any physical evidence and photographs relevant to the case which the State intended to offer in evidence during the trial. The State allegedly failed to inform Dobbs that Sheriff Hutchinson had recovered the rifle that was stolen from the Kimbrough's residence. Because the State failed to disclose the weapon during discovery, Dobbs argues that he is entitled to a new trial.
¶ 23. Rule 9.04 of the Uniform Circuit and County Court Rules sets forth the appropriate procedure and remedies for the trial court to consider in resolving discovery violations. URCCC 9.04(I). The Rule provides that if the defense properly objects to the introduction of evidence offered by the State which has not been timely disclosed, "the court shall ... [g]rant the defense a reasonable opportunity to ... examine the newly *1274 produced ... evidence...." URCCC 9.04(I). If, after such time, the defense claims unfair surprise or undue prejudice the defense may request a continuance or a mistrial. URCCC 9.04(I)(2).
¶ 24. In the case sub judice, the State attempted to introduce the rifle that Sheriff Hutchinson recovered during the course of his investigation. The defense counsel objected on the grounds that the State failed to give "any indication that [it] had any tangible evidence despite the fact that [the defense] filed a motion for discovery." In response, the following exchange occurred:
[State]: It's in the discovery, Your Honor, that the gun was recovered from Charles Parrish. The defendant has even noticed us in discovery that Charles Parrish is a witness for the defendant. He has been put on notice the gun was recovered and recovered by the sheriff's department. He had access to come to the sheriff's department, look at the gun at his first available___ whenever he wanted to come.
[Court]: Even though you hadn't discovered it, it was noticed that he had that it was a gun.
[State]: Right.
[Defense]: Your Honor, I disagree with that. We knew there was a gun involved, but it was never disclosed to us that they had possession of it.
[Court]: Objection is overruled.
¶ 25. Evidentiary rulings are within the broad discretion of the trial court and will not be reversed absent an abuse of discretion. Coleman v. State, 697 So.2d 777, 784 (Miss.1997). Although the record in this case reveals that the guidelines for discovery violations were not followed, we find that it was harmless error. See Jones v. State, 669 So.2d 1383, 1392 (Miss.1995). The purpose of the discovery guidelines and remedies is to avoid an ambush or unfair surprise to either party during the trial. See Frierson v. State, 606 So.2d 604, 607 (Miss.1992). There is no evidence that the discovery violation worked to Dobbs's detriment or prejudiced his case. Dobbs was aware that the crime involved a.22 rifle that was stolen from Finesse Kimbrough and later sold to Charles Parrish. In his confession, Dobbs admitted that he sold the weapon to Parrish. Dobbs did not dispute the fact that he sawed off the stock of the rifle or that he sold the weapon for Robinson. Rather, his defense focused on the position that he did not know that Robinson had stolen the weapon from the Kimbrough's residence. It is also noteworthy that Dobbs listed Charles Parrish as a possible defense witness. The State questioned several of the witnesses concerning the burglary and the weapon. The introduction of the weapon in evidence did not add anything substantial to the witness's testimony.
¶ 26. Furthermore, Dobbs did not request an opportunity to examine the weapon or seek a continuance or mistrial. It is difficult to imagine any scenario in which the introduction of the weapon in evidence would prejudice the defendant. Moreover, Mississippi Rule of Evidence 103(a) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." M.R.E. 103(a). See Hunt v. State, 687 So.2d 1154, 1164 (Miss.1996). Dobbs does not contend or demonstrate that the evidence introduced by the State affected a substantial right. Given the purpose of Rule 9.04 and the minimal significance the introduction of the weapon had on the case, we find that this assignment of error is without merit.

V. DID THE TRIAL COURT ERR IN OVERRULING THE DEFENDANT'S MOTION TO QUASH THE INDICTMENT OR DIRECT A VERDICT IN HIS FAVOR?
¶ 27. In his final assignment of error, Dobbs alleges that the trial court erred in failing to grant his motion to quash the indictment or direct a verdict in his favor. Prior to trial, Dobbs filed a motion to quash the indictment alleging that he could not be convicted as an accessory after the fact to burglary of a dwelling, a felony, because the principal, Jerry Robinson, was adjudicated a *1275 delinquent child who committed a delinquent act. The trial court judge concluded that the motion was premature because such a motion addressed only matters that could be ascertained from the face of the indictment. The judge advised Dobbs that he could raise the argument in his motion for a directed verdict at the close of the State's case. Thereafter, Dobbs followed the trial court's recommendation and moved the court to direct a verdict in his favor following the State's case-in-chief. After listening to arguments from the State and the defense, the trial court held as follows:
The question is not what happened at youth court. That is another matter. The question is whether or not [a] burglary has been committed. The testimony___ which, of course, at this point in time have to take in likeness favorable to the State, the testimony from Jerry Robinson himself was that he opened the door and took the weapon out of the house and set it on the outside. That is burglary under any definition there is.
The fact [Robinson] was adjudicated a delinquent does not change what the crime was. The fact that he was adjudicated for larceny or shoplifting is also not indicative.... The facts in this case are clearly that he committed a burglary.
As to guilty knowledge, the defendant's own statement is in evidence. And in that statement he says that he knew it was stolen. Motion is overruled. Motion to quash is overruled, and the motion for directed verdict is overruled.
¶ 28. We agree with the trial court's conclusion that the conviction of the principal to the crime of burglary of a dwelling is not a prerequisite to support Dobbs's conviction. Section 97-1-5 of the Mississippi Code provides that "in the prosecution [of an accessory after the fact] it shall not be necessary to aver in the indictment or to prove on the trial that the principal has been convicted or tried." Miss.Code Ann. § 97-1-5 (Rev.1994). Thus, the adjudication of Robinson as a delinquent child who committed a delinquent act is of little consequence to Dobbs's case. The fact remains that Robinson committed a burglary regardless of the eventual charge, and Dobbs assisted Robinson in disposing of the weapon that was stolen from the Kimbrough's residence. Consequently, this assignment of error is without merit.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY OF CONVICTION AS AN ACCESSORY AFTER THE FACT TO BURGLARY OF A DWELLING AND SENTENCE TO SERVE THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED AND ONE YEAR TO SERVE AND FINE OF $1,000 IS AFFIRMED. SENTENCE IMPOSED TO RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE TAXED TO CHOCTAW COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.
NOTES
[1] See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The use of audio or video equipment by law enforcement authorities is often beneficial to a court's resolution of whether a confession was freely and voluntarily given to authorities. However, the employment of such devices is not required to withstand a defendant's challenge to the validity of a confession.