728 So.2d 117 (1998)
Emmanuel COOK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-KA-01359COA.
Court of Appeals of Mississippi.
December 8, 1998.
Rehearing Denied February 23, 1999.
*119 Ross R. Barnett, Jr., Jackson, for Appellant.
Office of the Attorney General by Scott Stuart, Dunn Lampton, District Attorney, for Appellee.
Before BRIDGES, C.J., and HINKEBEIN and KING, JJ.
HINKEBEIN, J., for the Court:
¶ 1. Emmanuel Cook was convicted in the Pike County Circuit Court of the sale of cocaine in violation of § 41-29-139 of the Mississippi Code. For his offense, Cook was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections and ordered to pay a $10,000 fine and court costs. Aggrieved by his conviction, Cook appeals to this Court on the following grounds:
I. THE TRIAL COURT ERRED IN DISALLOWING CROSS-EXAMINATION OF INFORMANT JONES REGARDING HIS ASSOCIATES AND CREDITORS.
II. THE COURT ERRED IN ADMITTING THE DIGITAL TAPE ORDERED INTO EVIDENCE BY THE STATE OVER THE OBJECTION OF THE DEFENSE.
III. SE OF AN INFORMANT PAID ON A CONTINGENT FEE BASIS VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW.
IV. THE MOTION FOR DIRECTED VERDICT SHOULD HAVE BEEN GRANTED BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION OF POSSESSION OF COCAINE.
V. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENSE MOTION FOR MISTRIAL WHEN AGENT ALLEN TESTIFIED TO THE FACT OF A DRUG DEAL WITHOUT PERSONAL KNOWLEDGE THEREOF.
VI. CUMULATIVE ERROR IN THIS CASE REQUIRES REVERSAL.
VII. THE SENTENCE WAS UNCONSTITUTIONALLY DISPROPORTIONATE.
Holding these assignments of error to be without merit, we affirm the judgment of the circuit court.

FACTS
¶ 2. On the evening of December 14, 1995, agents with the Mississippi Bureau of Narcotics fitted police informant and self-described drug addict Jason Jones with a body transmitter and tape recorder and provided him with state funds with which he might purchase cocaine from Cook, whom he had portrayed as his primary supplier during the previous several months. As Jones subsequently arrived at and entered Cook's apartment Agents Mike Aldridge and Erik Allen waited nearby, but could only hear, in Aldridge's words, only a "snippet" of the conversation which took place inside due to an equipment failure. Nevertheless, when Jones emerged from the dwelling and rejoined the officers, he surrendered three pieces of crack cocaine for which he claimed to have paid Cook $50. Based on Jones' subsequent trial testimony to that effect and the tape recording obtained during these events which confirmed his account, jurors found Cook guilty of the sale of cocaine. It *120 is this verdict from which he now appeals to this Court.

ANALYSIS

I. THE TRIAL COURT ERRED IN DISALLOWING CROSS-EXAMINATION OF INFORMANT JONES REGARDING HIS ASSOCIATES AND CREDITORS.
¶ 3. Cook begins by arguing that the trial court erroneously prevented defense counsel from crossexamining informant Jones about his "associates and creditors in the drug underground." Cook claims that these matters were pertinent to his credibility and therefore an acceptable topic for exploration. In response, the State asks that this Court review Jones' trial testimony, noting that Jones (1) admitted his own addiction to crack cocaine, (2) described pawning his vehicle on more than one occasion in order to obtain money with which to purchase the drug, and furthermore, and (3) confessed to having stolen and forged checks belonging to his mother for the same purpose. According to the State, by permitting questions as to only the basic facts and not the identities of those with whom Jones conducted the transactions, the trial judge carefully maintained focus on the instant case rather than collateral matters. We agree with the State's analysis.
¶ 4. We are well aware that the law of this State provides defendants such as Cook with the broad right to question prosecution witnesses regarding possible motives, prejudices, or biases, in attempting to uncover every detail which might bear upon the weight and worth of his/her testimony. Foster v. State, 508 So.2d 1111, 1115 (Miss.1987). However, that entitlement is limited by the concept of relevancy. Therefore, the exclusion of information which is either wholly extraneous to the charges laid in the indictment and/or unprovoked by the witness' direct testimony lies within the discretion of the trial judge. Stringer v. State, 500 So.2d 928, 933 (Miss.1986); Black v. State, 506 So.2d 264, 268 (Miss.1987). We therefore must address the essence of Cook's contention, that he was attempting to extract "admissions about troubles [Jones] may have had with law enforcement ..." when he asked Jones whom he had paid with the funds obtained from his mother's stolen checks and to whom he had pawned his truck. In short, his point escapes us. Each detail which might legitimately be considered indicative of Jones' veracity seems to have been presented to the jury. Moreover, if Cook was privy to supplementary information linking these individuals with law enforcement personnel, he failed utterly to make any offer of proof below. See Whigham v. State, 611 So.2d 988, 994-95 (Miss. 1992) (refusing to hold trial court in error for excluding testimony of witness where no proffer was made). And finally, as the State argues on appeal, had Cook wished to ask the witness directly about any prior criminal violations and/or arrests, he most assuredly could have done so. There is absolutely nothing in the record to indicate that the trial judge would have frustrated his efforts, had Cook attempted to pursue this line of questioning. Consequently, we hold this assignment of error to be without merit.

II. THE COURT ERRED IN ADMITTING THE DIGITAL TAPE ORDERED INTO EVIDENCE BY THE STATE OVER THE OBJECTION OF THE DEFENSE.
¶ 5. Cook also complains that the trial court erroneously allowed prosecutors to replay an "enhanced" copy of the audio tape made during the transaction, claiming that (1) a proper foundation was not laid for its admission into evidence, and (2) its presentation to the jury violated Rule 1002 of the Mississippi Rules of Evidence, better known as the "Best Evidence Rule". According to Cook, the prosecution's acknowledgment that changes had been made to the recording during the production of the duplicate should have compelled use of the original, especially since the earlier tape was readily available. The State responds that it was appropriate to play the tape since Jones confirmed that it reflected an accurate recording of the conversation had between himself and Cook, with the only alteration being the reduction of inconsequential background noise. We agree with the State.
¶ 6. The general proposition upon which Cook bases his argument is legitimate *121 since, our supreme court has indeed held that prior to the admission of such a tape into evidence, its authenticity must be established. Haynes v. Avco Security Corporation, 299 So.2d 198, 201 (Miss.1974). To that end, the court has noted that the proponent of the recording must show that "no changes have been made, whether deletion, additions or otherwise." Haynes, 299 So.2d at 201. However, more recent Mississippi case law indicates that this mandate should not be taken as absolute; the appropriate query is actually whether there has been any significant change so as to distort either the words uttered therein or their apparent meaning. Stewart v. Stewart, 645 So.2d 1319, 1322 (Miss.1994). In light of Jones' reassurance that "[t]he voices are the same, the exact same," a negative response must certainly be appropriate in this instance. In that vein, we also note that Cook has failed at both the trial and appellate levels to make any specific proffer as to the purported inaccuracy or prejudicial nature of the duplicate, relying solely on seemingly unfounded speculation. This assignment of error is therefore without merit.

III. USE OF AN INFORMANT PAID ON A CONTINGENT FEE BASIS VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW.
¶ 7. As his next assignment of error, Cook contends that the use of a "contingent fee informant" violated his due process rights under the United States and Mississippi Constitutions. In essence, Cook argues that in offering payment to drug informants such as Jones only upon the successful completion of an unlawful purchase, law enforcement officials inevitably create tremendous temptation to falsify evidence against targets such as himself. In response, the State notes only Cook's failure to bring the matter to the attention of the trial court and subsequent omission of any relevant authority in support of the assertion on appeal, claiming that he has consequently waived the issue. While the State's factual observations are correct, our independent, cursory review of the case law has revealed that both the Mississippi Supreme Court and Court of Appeals for the Fifth Circuit have expressly approved of the practice. See United States v. Cervantes-Pacheco, 826 F.2d 310, 316 (5th Cir.1987); Williams v. State, 463 So.2d 1064, 1069 (Miss.1985). Rather than a per se exclusionary rule, these courts have opted to let jurors assess the credibility of compensated witnesses such as Jones. Cervantes-Pacheco, 826 F.2d at 316; Williams, 463 So.2d at 1069. Where, as here, the full facts and circumstances of the arrangement are disclosed to the jury and where the witness is subject to cross-examination, there is no cause for this Court to disturb the resulting verdict. Id. Consequently, we find no merit in this assignment of error.

IV. THE MOTION FOR DIRECTED VERDICT SHOULD HAVE BEEN GRANTED BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION OF POSSESSION OF COCAINE.
¶ 8. Cook also contends that the trial court committed reversible error by denying his request for directed verdict, citing Jones' arguable veracity. In response, the State addresses Cook's claim initially by noting that such an evaluation is one left primarily to the jury, not this Court. The State then argues that there is in the record substantial evidence of such quality and weight that reasonable jurors in the exercise of impartial judgment might have found him guilty. We agree with this assessment.
¶ 9. Both motions for directed verdict and motions for JNOV challenge the legal sufficiency of the evidence. Noe v. State, 616 So.2d 298, 301 (Miss.1993) (stating that motion for directed verdict tests legal sufficiency of evidence); McClain v. State, 625 So.2d 774, 778 (Miss.1993) (stating same test for motion for judgment of acquittal notwithstanding). Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling only on the last occasion that the challenge was made in the trial court. McClain, 625 So.2d at 778. In this instance, that challenge occurred when the circuit court denied Cook's motion for JNOV. See, e.g., Wetz v. State, 503 So.2d 803, 807-8 (Miss.1987).
*122 ¶ 10. The motion for judgment of acquittal notwithstanding the verdict tests the legal sufficiency of the evidence supporting the verdict of guilty. McClain, 625 So.2d at 778. Where the defendant has moved for JNOV, the trial court must consider all of the credible evidence consistent with the defendant's guilt. Id. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from this evidence. Id. This Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Wetz, 503 So.2d at 808 n. 3.
¶ 11. In the case sub judice, it is indeed clear that Jones, with his dubious history, was not the ideal prosecution witness. However, paid informants seldom are. As is customary in instances where the State relies heavily on the testimony of such individuals, Cook's trial counsel thoroughly scrutinized Jones' credibility before the jury in an attempt to demonstrate perceived defects in the prosecution's case against him. Nevertheless, the jury accepted Jones' unequivocal account of the pertinent facts as confirmed by the audio tape of the transaction. Because this sufficed to meet the standard described above, Nash v. State, 278 So.2d 779, 780 (Miss.1973), we perceive no injustice in the submission of this case to the jurors and leave their resulting determination of guilt undisturbed. This assignment of error is without merit.

V. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENSE MOTION FOR MISTRIAL WHEN AGENT ALLEN TESTIFIED TO THE FACT OF A DRUG DEAL WITHOUT PERSONAL KNOWLEDGE THEREOF.
¶ 12. With the evidence having already established his inability to observe the events which took place inside the apartment that evening, Agent Allen answered a question during his direct examination by uttering the following: "[w]hich transaction? The transaction between Emmanuel Cook and the...." Although defense counsel interrupted with an objection pursuant to Rule 602 of the Mississippi Rules of Evidence, jurors most certainly understood that Allen, despite his lack of personal knowledge regarding the matter, was alluding to the purported exchange of cocaine between Cook and Jones. For this reason, the trial court subsequently admonished the jury to disregard the comments. Nevertheless, Cook now assigns error to the court's decision to forego the more extreme measure of declaring a mistrial. In response, the State contends that the words of caution given by the trial judge cured any prejudice which might have resulted from Allen's statement. We agree with the State and merely note that Mississippi case law indeed (1) conclusively places the decision as to the grant or denial of a mistrial within the sound discretion of the a trial judge, and (2) holds an admonition such as that given below sufficient to remove any prejudice resulting from improper testimony in those instances where the decision to proceed is made. Horne v. State, 487 So.2d 213, 215 (Miss.1986); Holly v. State, 671 So.2d 32, 38 (Miss.1996). Consequently, this assignment of error is without merit.

VI. CUMULATIVE ERROR IN THIS CASE REQUIRES REVERSAL.
¶ 13. Cook further argues that each of the foregoing alleged errors, even if not reversible when reviewed in isolation, operated in combination to deprive him of a fundamentally fair trial. The State responds by arguing that Cook's cumulative effect claim is misplaced since there were no errors at all, harmless or otherwise, committed at trial. We agree with the State.
¶ 14. Our supreme court has held that individual errors, not reversible in themselves, may combine with other errors to make up reversible error. Hansen v. State, 592 So.2d 114, 142 (Miss.1991); Griffin v. State, 557 So.2d 542, 553 (Miss.1990). However, those cases are rare. Wilburn v. State, 608 So.2d 702, 705 (Miss.1992). The question is whether the cumulative effect of all such errors committed during the trial deprived the defendant of a fundamentally fair and impartial trial. Wilburn, 608 So.2d at 705. And where there is "no reversible error in any part, ... there is no reversible error to *123 the whole." McFee v. State, 511 So.2d 130, 136 (Miss.1987).
¶ 15. While this court declines to endorse the State's claims of virtual perfection below, we note that such is not required. Doby v. State, 557 So.2d 533, 542 (Miss.1990). It suffices that none of Cook's purported errors was such as to deny him a fundamentally fair trial. See M.R.E. 103(a); Williams v. State, 595 So.2d 1299, 1310 (Miss.1992). Some of the alleged errors were not errors at all while the remaining irregularities individually assigned involved minor infractions which were rendered innocuous by the sustaining of the defendant's objections and by timely admonitions issued from the bench. See Wilburn, 608 So.2d at 705 (upholding a rape conviction on like grounds). As such, this assignment of error is without merit.

VII. THE SENTENCE WAS UNCONSTITUTIONALLY DISPROPORTIONATE.
¶ 16. As a general rule, a sentence will not be disturbed on appeal so long as it does not exceed the maximum term allowed by statute. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). However, where a sentence is "grossly disproportionate" to the crime committed, the sentence is subject to attack on the grounds that it violates the Eighth Amendment prohibition of cruel and unusual punishment. Wallace, 607 So.2d at 1188. In Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the U.S. Supreme Court articulated a threeprong test for the resulting evaluation of proportionality. Solem, 463 U.S. at 292, 103 S.Ct. 3001. The elements include:
(1) The gravity of the offense and the harshness of the penalty;
(2) Comparison of the sentence with sentences imposed on other criminals in the same jurisdiction; and
(3) Comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in this case.
Id. Citing these factors, Cook argues that his thirty year sentence and accompanying $10,000 fine, slightly less than the maximum allowable under § 41-29-139(b)(1) of the Code since a fine of up to $1,000,000 may be imposed pursuant thereto, was excessive in light of his previously clean criminal record and the meager amount of cocaine involved. Mississippi Code Annotated § 41-29-139(b)(1) (Rev.1993).
¶ 17. In response to Cook's assertion we merely note that the Mississippi Supreme Court, in Stromas v. State, 618 So.2d 116 (Miss.1993), discussed the Solem test in the context of a virtually identical factual scenario a thirty year sentence imposed pursuant to § 41-29-139(b)(1) for the sale of only a modest amount of cocaineand found no error. Stromas, 618 So.2d at 123. Although the Stromas decision also addressed the trial court's decision to double the sentence imposed under the "subsequent offender statute", § 41-29-147, due to a single previous drug-related conviction, the court employed the following passage as its primary basis for affirmance:
XX-XX-XXX(b)(1) is very broad in its application. The sale or intent to sell of any amount of cocaine is covered. Although Stromas sold only a small amount of cocaine, he received the maximum term penalty, 30 years, but he received less than the maximum total penalty since no fine was imposed ... Although this sentence seems quite severe, it is not a "grossly disproportionate" sentence for the crimes that Stromas committed. Drug offenses are very serious, and the public has expressed grave concern with the drug problem. The legislature has responded in kind with stiff penalties for drug offenders. It is the legislature's prerogative, and not this Court's, to set the length of sentences. Because this sentence was within the statutory guidelines, and because our legislature, as a matter of public policy, has called for harsh penalties for drug offenders such as Stromas, Solem v. Helm is not implicated in this case. Declaring a sentence violative of the Eighth Amendment to the U.S. Constitution carries a heavy burden and only in rare cases should this Court make such a finding.
Id. Though no sentence may be considered "per se" constitutional, we hold this rationale to be equally fitting in the instant case and *124 therefore conclude that Cook's punishment falls short of being cruel and unusual. This assignment of error is also without merit.
¶ 18. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $10,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, PAYNE and SOUTHWICK, JJ., CONCUR.