BRIDGES, J.,
for the court.
¶ 1. Issacc Falconer pled guilty to six counts of sale of cocaine. The Circuit Court of Harrison County sentenced Falconer to thirty years on each count to run concurrently in the custody of MDOC, with ten years suspended, and five years’ probation. Falconer moved for post-conviction relief, and the court dismissed his motion as manifestly without merit. The court granted Falconer leave to file an out-of-time appeal in forma pauperis, and he did.
STATEMENT OF THE ISSUE
I. DID FALCONER RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
II. DOES FALCONER’S SENTENCE CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT?
ANALYSIS
I. DID FALCONER RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 2. The court below dismissed Falconer’s motion for post-conviction relief as statutorily deficient, consequently, as Falconer presents no evidence of ineffective assistance of counsel other than the fact that the plea agreement did not result in as favorable a sentence as both he and his attorney hoped, and that Falconer’s attorney had been before this Court on a previous ineffective assistance of counsel claim, we affirm. See Robertson v. State, 669 So.2d 11, 13 (Miss.1996).
II. DOES FALCONER’S SENTENCE CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT?
¶ 3. Falconer raises a serious constitutional claim that his sentence constitutes cruel and unusual punishment. However, an examination of the sentencing order reveals that Falconer made an open guilty plea to six counts of sale of cocaine, with a possible maximum sentence of thirty years per count to run consecutively. Falconer argues that the sentence is excessive because he is a first-time offender. However, he fails to demonstrate any unconstitutional dimension to his sentence, as it is within the limits of the statutory sentencing scheme. Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984); see also Cook v. State 728 So.2d 117, 123(¶ 16) (Miss.Ct.App.1998).
CONCLUSION
¶ 4. For the foregoing reasons, we affirm the dismissal of Falconer’s motion for post-conviction relief as manifestly without merit.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.