856 So.2d 341 (2003)
Jason WRIGHT a/k/a Jason Allen Wright, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01928-COA.
Court of Appeals of Mississippi.
March 4, 2003.
Rehearing Denied August 5, 2003.
*342 William B. Jacob, Joseph A. Kieronski, Daniel P. Self, Meridian, attorneys for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Jason Wright was indicted for the crime of statutory rape. A jury found him guilty in the Circuit Court of Lauderdale County, the Honorable Larry Roberts presiding, and the judge sentenced him to twenty years in prison plus $10,000 in fines, and $246.50 in court costs. Wright perfected an appeal to this Court, and raised three issues:
I. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A LESSER RELATED JURY INSTRUCTION ON CONTRIBUTING TO THE DELINQUENCY OF A MINOR AND FAILING TO ALLOW A FULL DEVELOPMENT OF THE SUPPORTING PROOF AND THUS PRECLUDED THE DEFENDANT FROM PRESENTING HIS THEORY OF THE CASE TO THE JURY.
II. WHETHER THE TRIAL COURT ERRED AND MISUNDERSTOOD THE LAW AS TO THE APPLICATION OF THE POST RELEASE SUPERVISION STATUTES AND/OR PROBATION STATUTES AS THEY RELATE TO THE SENTENCE FOR A CONVICTION OF STATUTORY RAPE.
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT THE MOTION FOR DIRECTED VERDICT, PEREMPTORY INSTRUCTION AND JUDGMENT NOTWITHSTANDING THE VERDICT MOTIONS BASED ON THE STATE'S FAILURE TO PROVE THE AGE *343 OF THE ALLEGED VICTIM AND DEFENDANT.

Statement of the Facts
¶ 2. During the evening of June 14-15, 2000, Sally Jones was spending the night at the home of her friend, Ruth Vandelay.[1] One girl called Wright and his brother and invited them over. When the two men arrived, Jones, Vandelay, Wright, and his brother went to a nearby travel trailer. Vandelay and Wright's brother began kissing in the front room of the trailer. Jones and Wright went to the trailer's bedroom. There, Wright, who was twenty years old at the time, asked Jones how old she was. She replied that she was twelve. Wright and Jones then had sexual intercourse.
¶ 3. Jones's brother interrupted Jones and Wright, and Wright fled. Shortly after that, Jones's mother took her to a hospital. There, medical personnel performed a pelvic examination on Jones. A sheriff's department investigator was summoned, and she interviewed Jones while she was still in the hospital.
¶ 4. Wright was interviewed later in the day of June 15. During the interview, he recounted the incident largely as described here, including the fact that he knew he could get in trouble for engaging in sexual activity with a twelve year old girl.
Legal Analysis

I. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A LESSER RELATED JURY INSTRUCTION ON CONTRIBUTING TO THE DELINQUENCY OF A MINOR AND FAILING TO ALLOW A FULL DEVELOPMENT OF THE SUPPORTING PROOF AND THUS PRECLUDED THE DEFENDANT FROM PRESENTING HIS THEORY OF THE CASE TO THE JURY.
¶ 5. Wright argues that he was unable to present an alternate theory of the case to the jury since the trial judge did not allow him to submit a jury instruction that would have allowed the jury to consider a verdict on contributing to the delinquency of a minor. We affirm the trial court's decision.
¶ 6. To justify a jury instruction on this lesser-included charge, Wright must point to some evidence in the record that would have allowed the jury to find him not guilty of statutory rape, and simultaneously, find him guilty of contributing to the delinquency of a minor namely, Jones. See Trigg v. State, 759 So.2d 448, 451(¶5) (Miss Ct.App.2000). There is no such evidence in the record. The evidence that does exist went to prove only that Wright engaged in sexual intercourse with Jones. There is no other actdelinquent or otherwisethat the evidence proves.

II. WHETHER THE TRIAL COURT ERRED AND MISUNDERSTOOD THE LAW AS TO THE APPLICATION OF THE POST RELEASE SUPERVISION STATUTES AND/OR PROBATION STATUTES AS THEY RELATE TO THE SENTENCE FOR A CONVICTION OF STATUTORY RAPE.
¶ 7. We find this issue is procedurally barred. A defendant must object to the length of his sentence at trial for us to review it on appeal. Cox v. State, 793 So.2d 591, 599 (¶33) (Miss.2001). Since there was no objection at trial, we are barred from hearing the issue.

III. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT THE MOTION FOR *344 DIRECTED VERDICT, PEREMPTORY INSTRUCTION AND JUDGMENT NOTWITHSTANDING THE VERDICT MOTIONS BASED ON THE STATE'S FAILURE TO PROVE THE AGE OF THE ALLEGED VICTIM AND DEFENDANT.
¶ 8. We fail to see the point Wright attempted to make with this issue. At the trial, Jones testified that her birth date was November 23, 1987. This would make Jones twelve years old on the date of the rape. Tracy-Hill Watts, the investigator from the Lauderdale County Sheriff's Department testified that she (Hill-Watts) had Jones's birth date recorded as November 23, 1988,[2] which would have made Jones eleven years old on the day in question. Hill-Watts also testified that Wright, during her interview with him, supplied his birth date as March 5, 1980. At the date of the rape, he was twenty years old.
¶ 9. Wright argues that the State did not prove Jones's age. He contends that the only way to prove her age would be to introduce her birth certificate or other official document. Age, however, may be adequately proven by testimony. Taylor v. State, 744 So.2d 306, 319(¶ 54) (Miss.Ct.App.1999). The jury could believe either Jones or Hill Watts, although Jones would presumably have a better idea of when she was born. Assuming the alternate year of 1988 is correct, that would mean that Wright had intercourse with an eleven year old girl instead of a twelve-year-old. Either way, he committed statutory rape.
¶ 10. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $10,000 IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] The names of both minors have been changed to protect their identities.
[2] Hill-Watts testified that in her notes, she had written the date of birth down as 1987, but in the notes taken from the doctor, the date was written as 1988.