873 So.2d 129 (2004)
Jermaine MOORE a/k/a P.J., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01596-COA.
Court of Appeals of Mississippi.
March 2, 2004.
Rehearing Denied May 18, 2004.
*130 Ross R. Barnett, Jackson, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
KING, P.J., for the Court.
¶ 1. Jermaine Moore was convicted of possession of cocaine by the Circuit Court of Leake County. As a second time drug offender, he was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Moore raises the following issues on appeal which we quote verbatim:
I. The lower court erred in failing to grant appellant Jermaine Moore's motion for continuance.
II. Defendant's motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, should have been granted, since the verdict was against the overwhelming weight of the evidence.
III. The trial court erred in failing to grant Jermaine Moore's motion to suppress.
IV. Jermaine Moore was denied his constitutional [sic] protected right to assistance of adequate and effective trial counsel.
V. The sentence was disproportional.
VI. The cumulative error below requires reversal.

FACTS
¶ 2. On March 22, 2002, at approximately 12:25 a.m., Officers Shane Lang and Dustin Sanders, of the Carthage Police Department, stopped a vehicle driven by Carl Lewis because the vehicle did not have a tag. Moore was a passenger in the vehicle.
¶ 3. As Lang approached the driver's side of the vehicle shining his flashlight in the vehicle, he saw "a bag with a white rocky looking substance sitting upside the gear shift," which was later determined to be cocaine. He then asked Lewis and Moore to step out of the vehicle. When Lewis stepped out of the vehicle, Lang saw another bag which contained "a green leafy substance," later determined to be marijuana. *131 Officer Lang advised Lewis and Moore of their Miranda rights in the presence of Officer Sanders, arrested them, and transported them to the Leake County Jail.
¶ 4. At the jail, Officer Lang told Tony Quick, the booking officer, to charge Lewis and Moore with possession of a controlled substance. According to Lang, at that point Moore stated, "Don't charge him [Lewis] with it, it's mine." Moore did not indicate which substance he was referring to.
¶ 5. Moore was indicted on August 28, 2002, for possession of cocaine as a second time offender in violation of Mississippi Code Annotated Sections 41-29-139(c)(1)(B) and 41-29-147 (Rev.2001). On September 3, 2002, Moore's case was called for trial. Moore asked for a continuance so that he could hire an attorney and investigate the case. That motion was denied. The case proceeded to trial and Moore was convicted that same day. On September 5, 2002, he was sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Moore's motion for judgment notwithstanding the verdict or, in the alternative, a new trial was denied.

ISSUES AND ANALYSIS

I.
Whether the trial court erred in failing to grant Moore's motion for a continuance.
¶ 6. Moore contends that the trial court erred by denying his motion for a continuance. According to Moore, he asked the trial judge for a continuance so that he could hire an attorney and investigate his case. Moore was represented by two court-appointed attorneys.
¶ 7. The record reflects that the trial judge denied the motion for continuance because the case had been set for trial, witnesses had been summoned, jurors had been impaneled, and the attorney that Moore intended to hire had been given the opportunity to represent him but declined to do so.
¶ 8. The decision to grant or deny a continuance is left to the sound discretion of the trial court. Lambert v. State, 654 So.2d 17, 22 (Miss.1995). Unless manifest injustice appears to have resulted from the denial of the continuance, this Court should not reverse. Id.
¶ 9. The record reflects that Moore was indicted on August 28, 2002, arraigned on August 29th, and the case was set for trial on September 3, 2002. After voir dire, Moore asked the trial judge for a continuance indicating that he had been trying to hire an attorney from the time of his incarceration on March 22, 2002. The attorney that Moore had contacted, but not retained to represent him, was present on the day of trial and stated that he had some other cases to present but that he was not there to represent Moore. The attorney was advised that he could represent Moore and would also receive the assistance of Attorney Robert N. Brooks who, along with Attorney Christopher A. Collins, was appointed to represent Moore on August 29th. Moore asserts that the time between August 29th, when he was appointed an attorney and the trial date of September 3, 2002, was insufficient to allow his attorney time for proper preparation.
¶ 10. While Moore does have an absolute right to counsel, the right to choose counsel is not absolute. McCormick v. State, 802 So.2d 157(¶ 10) (Miss.Ct. App.2001). It is a right that must not be abused or manipulated in such a way as to "thwart the progress of a trial." Id. Moore received two court-appointed attorneys *132 to represent him at trial. Both attorneys were present and announced that they were ready for trial. Between the date of arrest and indictment, there existed adequate opportunity for Moore to seek out counsel of his own choosing. While Moore contacted an attorney, there is no suggestion that he attempted to retain the services of an attorney, or ever had the resources to retain an attorney.
¶ 11. We find no abuse of discretion in denying Moore's motion for a continuance.

II.
Whether Moore's motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, should have been granted.
¶ 12. Moore asserts that his motion for judgment notwithstanding the verdict, or in the alternative, a new trial should have been granted since the verdict was against the overwhelming weight of the evidence.
¶ 13. This Court reviews the denial of a motion for judgment notwithstanding the verdict and the denial of a motion for a new trial in the following manner:
Upon reviewing a denial of the motion for judgment notwithstanding the verdict, this Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standard of review, however, is predicated on the fact that the trial judge applied the correct law.
Jackson v. State, 815 So.2d 1196 (¶ 14) (Miss.2002). The motion for a new trial addresses the weight of the evidence. Conners v. State, 822 So.2d 290 (¶ 6) (Miss. Ct.App.2001). The challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion and the motion should not be granted except to prevent an unconscionable injustice. Id.
¶ 14. Moore asserts that the record is devoid of additional evidence which shows that he had either actual or constructive possession of the cocaine. He cites to Ferrell v. State, 649 So.2d 831, 834 (Miss. 1995) in alleging that the State must be able to point to additional "incriminating evidence" to justify a finding of constructive possession. Moore claims that because he was neither the owner nor the driver of the vehicle prior to his arrest, the State has not established any additional evidence in support of the charge against him.
¶ 15. Officer Lang testified that (1) he found a bag of white rocky substance laying on top of the gearshift in plain view between Carl Lewis and Moore, (2) after Lewis got out of the vehicle, he saw another bag of what was later identified as marijuana, (3) Moore was a passenger in the vehicle, and (4) when Moore and Lewis arrived at the police station to be booked on the charge of possession of a controlled substance, Moore stated, "Don't charge him with it, it's mine." Moore's statement would appear to be an admission. "An admission is an acknowledgment by the accused of certain facts which tend, together with other facts, to establish his guilt." Alexander v. State, 749 So.2d 1031 (¶ 11) (Miss.Ct.App.1999).
*133 ¶ 16. The foregoing items provide a sufficient basis upon which a jury could have found Moore guilty of drug possession.
¶ 17. We find that there is no merit in this assignment of error.

III.
Whether the trial court erred in failing to grant Moore's motion to suppress.
¶ 18. Moore alleges that his statement to Officer Lang should have been excluded as evidence because "it was not probative of the issue raised by the indictment, i.e., possession of cocaine by Jermaine Moore."
¶ 19. The standard of review for evidentiary matters has been stated by our supreme court as follows:
The relevancy and admissibility of evidence are left, in large part, to the discretion of the trial court. However, this discretion must be exercised within the confines of the Mississippi Rules of Evidence. Reversal is proper only where such discretion has been abused and a substantial right of a party has been affected.
Boose v. State, 851 So.2d 391(¶ 9) (Miss.Ct. App.2003).
¶ 20. Officer Lang's testimony established that cocaine and marijuana were found in the vehicle in which Moore was a passenger. When the booking officer was told to charge Moore and Lewis with drug possession, Moore voluntarily stated, "Don't charge him with it, it's mine." While Moore did not specifically state whether he was referring to one or both substances, he did state a claim of possession.
¶ 21. Because a reasonable juror could have concluded that the substance belonged to Moore under the circumstances, we find that this issue lacks merit.

IV.

Whether Moore was denied effective assistance of counsel.
¶ 22. To establish an ineffective assistance of counsel claim, Moore must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Swift v. State, 815 So.2d 1230 (¶ 17) (Miss.Ct.App.2001).
¶ 23. Moore claims that the attorneys failed to investigate the case and inform him of his rights at trial. He asserts that had his attorneys investigated the matter, they would not have been surprised by the testimony of booking officer Tony Quick. Officer Quick indicated that he heard Moore make the statement to Lang regarding who should be charged with possession of the controlled substance.
¶ 24. Moore asserts that his question to the trial judge regarding the subpoenaed witnesses makes it apparent that he was not advised of his rights. Moore asked the trial judge whether the witnesses were beneficial to him because he was not aware of any witnesses. He maintains that this failure by his counsel deprived him of his right to have witnesses called on his behalf. To prevail upon a claim of ineffective assistance of counsel, Moore must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985).
¶ 25. Moore claims that even though he was represented by two court-appointed attorneys, these attorneys failed to: (1) request a continuance, (2) investigate the case, or (3) adequately inform him of his rights at trial.
¶ 26. The record reflects that Moore was indicted on August 28, 2002, arraigned on August 29th, and the case was set for *134 trial on September 3, 2002. A continuance was not requested by the attorneys. However, on the day of trial, Moore asked the trial judge for a continuance so that he could hire an attorney. The trial judge denied his request. Moore's attorneys announced they were ready for trial. Both attorneys actively participated in the representation of Moore during the trial. With respect to the overall performance of the attorneys, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy." Roberts v. State, 820 So.2d 790(¶ 7) (Miss.Ct.App.2002).
¶ 27. Moore has not indicated what witnesses should have been called on his behalf, what their testimony might have been, or how it might have changed the outcome of the trial.
¶ 28. Moore has failed to present any evidence to support this claim, and we find it to lack merit.

V.

Whether Moore's sentence was disproportionate.
¶ 29. Moore claims that his fifteen year sentence for possession of cocaine, under the circumstances of this case, is disproportionate to the crime committed and should be remanded for re-sentencing.
¶ 30. Our supreme court has stated that "[s]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Allen v. State, 826 So.2d 756 (¶ 18) (Miss.Ct.App.2002). Further, the trial judge's decision will not be disturbed on appeal if the sentence is within the term provided by statute. Id.
¶ 31. Mississippi Code Annotated Section 41-29-139(c)(1)(B), the statute under which Moore was charged provides that upon conviction, a person shall be sentenced to not less than two years nor more than eight years and shall be fined not more than fifty thousand dollars.
¶ 32. The trial judge indicated that the normal sentence for this crime is two to eight years. Because Moore was a second time drug offender, his sentence was subject to being doubled pursuant to Mississippi Code Annotated Section 41-29-147.
¶ 33. Upon review of the record, we find that the trial court sentenced Moore within the statutory limits. Therefore, this issue is without merit.

VI.

Whether the cumulative errors cited require reversal.
¶ 34. Moore argues that his conviction requires reversal due to the cumulative errors, which include: (1) the trial court's denial of a continuance, (2) the trial attorneys' failure to request a continuance, and (3) the trial attorneys' failure to conduct an investigation, along with the other issues cited.
¶ 35. This Court has noted that the Mississippi Supreme Court has held that individual errors, not reversible in themselves, may combine with other errors to make up reversible error. Cook v. State, 728 So.2d 117 (¶ 14) (Miss.Ct.App.1998). However, those cases are rare. Id. The question is whether the cumulative effect of all such errors committed during the trial deprived the defendant of a fundamentally fair and impartial trial. Id. And where there is "no reversible error in any part, ... there is no reversible error to the whole." Id.
¶ 36. However, we have not found error in any of his other claims and in the absence of error in any of his other claims, there can be no cumulative error.
*135 ¶ 37. The record shows that Moore's motion for continuance was denied. He was represented by two court-appointed attorneys who both participated in the proceedings at trial.
¶ 38. Moore has failed to provide this Court with evidence in support of his claims which would have resulted in a different outcome. This Court does not find that Moore has been deprived of a fair trial based on the alleged errors presented.
¶ 39. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF FIFTEEN YEARS AS A SECOND DRUG OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.