GRIFFIS, J.,
for the Court.
¶ 1. Robert Earl Spencer was indicted and tried on charges of aggravated assault, armed robbery, and felon in possession of a firearm. The jury convicted Spencer of felon in possession of a firearm, in violation of Mississippi Code Annotated section 97-37-5(1) (Rev.2000). The jury was unable to reach verdicts on aggravated assault and armed robbery. Spencer was sentenced as an habitual offender to serve a term of life in prison, without possibility of parole. Spencer appeals and assigns two issues: (1) whether the trial court erred in not granting a directed verdict or JNOV, and (2) whether the State proved each element of the crime beyond a reasonable doubt. We find no error and affirm.
FACTS
¶2. In late October of 2002, Spencer confronted Tavarus Tucker about some rims and amplifiers that had been stolen from his mother’s land. Spencer accused Tucker of stealing these items. Tucker returned the amplifier and told Spencer that Little Curtis Glover had the rims. Tucker and another witness testified that Spencer then pistol whipped Tucker and *91 told Tucker that he better “set up” Glover so Spencer could shoot him. If not, Spencer said he would kill both Tucker and Glover. Spencer admits to slapping Tucker on the head but denies that he was holding a gun. For the next week, Spencer tailed Tucker around town.
¶ 3. About a week later, on October 29, at approximately 9:30 p.m., Tucker was driving Demetrias Balfour and her son home. Tucker noticed that he was being followed. The car was a gold Buick with tinted windows. Tucker could not see how many people were in the car. When he arrived at Balfour’s house, the Buick parked a couple of houses down. Tucker told Balfour to get inside and call the police. After she and her son went inside, the other car parked behind him and blocked him in the driveway. A man got out of the passenger side of the Buick and approached the driver’s side of Tucker’s car, with a gun in his hand. The man had braids and wore a grey shirt and stonewashed blue jeans. Tucker recognized the man as Spencer. Tucker escaped out the passenger side. Tucker ran, and he was subsequently shot once in his back and once in his buttocks. Tucker fell over a hedge and “played dead.” Tucker eventually crawled to his girlfriend’s house, repeating, “Robert Earl Spencer.”
¶ 4. Balfour was the only eyewitness to the incident. From inside her home, she heard the first gunshot. Her father, who also was inside, called Tucker’s girlfriend’s house to let her know he may have been shot. Balfour ran to the window and saw a man fire the second gunshot. She could not see his face but saw that he was wearing a skull cap and a blue jean jacket. This man then drove away in Tucker’s car, while another individual drove away the car that had been following them. She ran outside to look for Tucker, but by this time he had already crawled to his girlfriend’s house, nearby.
¶ 5. Spencer offered an alibi. He testified that he was out of town during the incident. However, when asked where he was, his answers varied from “Chicago” to “Flint, Michigan” to “I don’t know.”
¶ 6. Spencer was indicted and charged with aggravated assault, armed robbery and felon in possession of a firearm. The jury could not reach a verdict on the first two charges but found Spencer guilty of the crime of felon in possession of a firearm, in violation of Mississippi Code Annotated section 97-37-5(1).
STANDARD OF REVIEW
¶ 7. Requests for a directed verdict and motions for JNOV challenge the sufficiency of the evidence. In reviewing a sufficiency of the evidence claim, the Court considers the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 844(¶ 16) (Miss.2005). If any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we will uphold the verdict. Id.
ANALYSIS

I. Did the trial court erred in not directing a verdict or granting a JNOV?

II. Did the State prove each element of the crime beyond a reasonable doubt?

¶ 8. Since both of these issues challenge the sufficiency of the evidence, we address them together.
¶ 9. Spencer complains that the jury verdict was inconsistent. If the jury found there was insufficient evidence that he was the shooter and the robber, then it could not find him guilty of possessing a firearm. He argues there was only evidence that he possessed a gun on an entirely different occasion, for which he was *92 not indicted. The State argues that this prior separate occasion was sufficient to convict him and that there was also testimony that Spencer had a gun on the night of the aggravated assault and armed robbery.
¶ 10. Mississippi Code Annotated section 97-37-5(1) (Rev.2000) provides that:
It shall be unlawful for any person who has been convicted of a felony under the laws of ... any other state ... to possess any firearm ... unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the U.S.Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section.
Spencer stipulated that he was a prior convicted felon, as defined by this statute. Tucker testified that he saw Spencer come toward him with a pistol on October 29, 2002. We find that there was sufficient evidence for the jury to convict him of being a felon in possession of a firearm.
¶ 11. Also, we disagree with Spencer’s contention that it was inconsistent for the jury to convict him of this crime, while not returning a guilty verdict on the charges of aggravated assault and armed robbery. The record indicates that there were at least two people in the gold Buick who could have shot Tucker. Although neither Tucker nor Balfour could see in the tinted windows, Spencer emerged from the passenger side of the car. This means there was at least one other person in the Buick, i.e., the driver.
¶ 12. Tucker testified that he saw Spencer with a pistol in his hand. He described Spencer as wearing braids, a grey shirt and stone-washed jeans. Tucker turned and ran. When he was shot, and his car was stolen, he naturally concluded that it was Spencer who shot him and stole his car. Balfour testified that she saw the second gunshot being fired, but it was by a man wearing a skull cap and a blue jean jacket. This man was who she claimed stole Tucker’s car. This was sufficient evidence for the jury to conclude that while Spencer definitely possessed a pistol that night, he may not have been the shooter or the robber. Even if the jury had acquitted Spencer outright on the first two counts, the verdict would still be consistent with the evidence.
¶ 13. We find no error and affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY OF CONVICTION OF A FELON IN POSSESSION OF A FIREARM AND SENTENCE, AS AN HABITUAL OFFENDER, TO LIFE WITHOUT POSSIBILITY OF PAROLE, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.