FAIR, J.,
for the Court:
¶ 1. Anthony Thomas appeals from -his convictions in the Hinds County Circuit Court of aggravated assault and felon.in possession of a weapon. He primarily challenges the sufficiency of the evidence to support his felon-in-possession conviction, but he also raises several other issues, including an alleged discovery violation and the trial judge’s evidentiary determination concerning a witness’s availability. Because Dr. Christine Toevs testified to the nature of the victim’s wounds, the. knife handle was admitted into evidence, and Thomas stipulated to his status as a prior convicted felon, we find sufficient evidence to sustain. the felon-in-possession conviction. Further, we find the trial judge followed appropriate remedial procedures to cure the discovery violation, and that he did not abuse his discretion in denying a mistrial or determining the witness’s unavailability. We affirm.
FACTS
¶ 2. Karen Burkes and Anthony Thomas were living together when Burkes was stabbed and left bleeding in their home. She managed to get next door where Laketa Evans contacted emergency services. Burkes told Evans that Thomas had stabbed-her. Burkes was rushed to the hospital where she remained for weeks recovering from the attack.
¶ 3. That night, law enforcement discovered a knife handle on the floor of Burkes’s apartment. The blade' was missing. Thomas did not return to the apartment that evening.. Two weeks after her injury, Burkes identified Thomas from a photo lineup as her attacker..
¶4. Dr.-. Toevs, a critical-care - surgeon, cared for Burkes while she was recovering in the intensive-care unit. She testified that Burkes had suffered two stab wounds to the chest injuring her left lung and her internal mammary artery and causing substantial bleeding.
¶ 5. Burkes testified that she and Thomas “had words” that night before he *774 grabbed her from behind and stabbed'her. Though she did not see the knife during the attack, she recognized the handle as part of a set of knives she kept- in the kitchen.
¶6. Thomas testified that Burkes had attacked him with the knife; and he was trying to subdue her when she accidentally stabbed herself. He then pulled the blade out of her chest, snapped the handle off so she would not be able to úse the weapon again, and threw the blade' into their outdoor garbage. Thomas left for a friend’s house down the street, so he could call for help. He did not return to the house because he was afraid Burkes’s son would think he was responsible for her injury.
PROCEDURAL HISTORY
¶ 7. In 2009, this Court reversed Thomas’s conviction and remanded this case for a new trial because inadmissible evidence of prior convictions was admitted denying him a fundamentally fair trial.[1]
■ ¶ 8. Thomas now appeals his conviction for aggravated assault and felon in possession asserting that the trial court erred because: (1) the evidence presented was insufficient to convict him of being a felon in possession of a butcher knife; (2) he was .prejudiced by a discovery .violation, and the improper admission of character evidence and hearsay; (3) the circuit court improperly admitted the prior testimony, of Dr. Toevs; and-(4) the circuit court improperly limited his right to cross-examination. Thomas urges this Court to -apply the, doctrine of retroactive misjoinder and grant him a new trial,
DISCUSSION "
1. Sufficiency of the Evidence
¶ 9. Thomas argues that the circuit court erred in denying his motions for a directed verdict and ⅞ JNOV because- the State presented, insufficient evidence to prove the knife in question was a .prohibited butcher knife. .
¶ 10, We review a challenge'to the sufficiency of the evidence in the light most favorable to the State. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). We have stated:
Upon reviewing a denial of the motion for judgment notwithstanding the verdict, this Court will consider the evidence in the light most favorable to the 'appellee (the [Sjtate), giving that party the benefit of all favorable inference that may be reasonably1 drawn from the evidence. If the facts so considered' point so overwhelmingly in favor of the appellant (the defendant) that reasonable men could not 'have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there, is substantial evidence in support of the verdict, that is, evidence of such quality and weight that, reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standard of review however, is predicated on the fact that the trial judge applied the correct law.
Woods v. State, 19 So.3d 817, 819 (¶6) .(Miss.Ct.App.2009) (quoting Moore v. State, 873 So.2d 129, 132 (¶ 13) (Miss.Ct.App.2004)).
¶ 11. Thomas was charged with violating section 97-37-5 of the Mississippi Code Annotated (Supp.2011), which prohibits a convicted felon from possessing “any firearm or any bowie knife, dirk knife, butcher knife, [or] switchblade knife....” At trial, the parties stipulated *775 to Thomas’s status as a convicted felon and his possession of the knife was not contested. The issue on appeal is whether Thomas possessed a “butcher knife.”
¶ 12. .Thomas argues that a steak knife is not prohibited by the statute and asserts that .the knife in question was just that» an average steak knife. At trial, Officer Jer-rick. Taylor stated that he found the knife handle on the floor near the bedroom. The handle was admitted, into evidence, but the blade was never recovered. Witnesses referred to the knife as a steak knife or kitchen knife, and the victim stated that it was part of a set of knives she kept in the kitchen. Dr. Toevs testified that the blade would have to be several inches long to injure the internal mammary artery because it lies beneath the sternum. In dosings the-prosecution argued that a steak knife is used to cut meat just like a butcher knife. No direct evidence was presented regarding the length of the blade or its shape.
¶ 18. Thomas urges this Court to define the term butcher knife as. we recently defined the term dirk knife, in Summerall v. State, 41 So.3d 729, 733-37 (¶¶ 15-82) (Miss.Ct.App.2010). In Summerall, this Court was able to see the blade and compare it with other dirk knives because the knife was admitted into evidence. Here, no such opportunity exists. Without a knife blade to examine, this Court cannot determine, as a matter of law, whether the knife in question is a butcher knife.
¶ 14. What type- of knife Thomas used in his attack was a question of fact for the jury to determine. Direct evidence was admitted in- the form of eyewitness testimony. The handle of the knife was placed in evidence. Circumstantial evidence was presented as to the length of the blade and its strength. Circumstantial evidence is evidence that, “without going directly to prove the existence of a fact, gives rise to-a logical inference that such [a] fact does exist.” McInnis v. State, 61 So.3d 872, 876 (¶ 11) (Miss.2011) (citation omitted). It is entitled to the same weight and effect as direct evidence. Sherrell v. State, 622 So.2d 1233, 1238 (Miss.1993).
¶ 16. Thomas stipulated that he was a prior-convicted felon. ' The knife handle was five inches long and an inch wide. Dr. Toevs testified1 that the knife blade would have tci' be several inches long and that' it would require substantial force to inflict the victim’s injuries. Viewing the evidence in the light most favorable to the State and making all favorable inferences that may reasonably be drawn from the evidence, we find that there was sufficient evidence for the jury to convict Thomas of being a felon in possession of what it determined was a butcher knife. See Spencer v. State, 944 So.2d 90, 92 (¶¶ 11-12) (Miss.Ct.App.2006). As we have determined that Thomas was properly convicted of being a felon in possession, the doctrine of retroactive misjoinder is not applicable to his aggravated-assault conviction. See Williams v. State, 37 So.3d 717, 720-21 (¶¶7-10) (Miss.Ct.App.2010).
2. Discovery Violation
¶ 16. Thomas claims that the State violated discovery rules when it failed to disclose Evans’s written statement before trial.
¶ 17. “A violation of Rule 9.04 is considered- harmless' error unless it. affirmatively appears from the entire record that the violation caused a miscarriage of justice.” Payton v. State, 897 So.2d 921, 942 (¶ 67) (Miss.2003). Rule 9.04(1) of the Uniform Rules of. Circuit and County Court directs that if, during the course, of trial, the State attempts to introduce evidence that was -not timely disclosed, over *776 the defendant’s objection, then the trial court must:
1. Grant' the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs, or other evidence; and
2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or a mistrial, the court shall, in the-interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial.
¶ 18. The statement at issue consists of one sentence that reads: “I, Laketa Evans, heard Ms. Karen Burkes screaming for helpE,] and she were [sic] full of blood[,] and she told me Anthony Thomas stabbed her.” This statement was not produced in discovery because, it was sealed in an evidence bag and kept with the other physical evidence. The bag and its contents were made available to the defense for two weeks prior to trial. Evans was on the State’s witness list, and the statement does not vary from her testimony at trial.
¶ 19. After Thomas’s objection, the trial judge properly granted the defense an opportunity to review the statement. While this does not necessarily remedy the discovery violation, the defense did not seek a continuance or a mistrial. Therefore, under Rule 9.04(I)(2) the trial court was not obligated to exclude the evidence, grant a continuance, or grant a mistrial. The Mississippi Supreme Court has noted:
“By no means does a [discovery] violation mean invariably that the defendant will'be entitled to a continuance until the next term of court. There will no doubt be cases where postponement of a day' or two, or in some cases even an hour or two, will suffice.” These determinations necessarily depend on the nature and extent of each discovery violation.
Fulks v. State, 18 So.3d 803, 806 n. 3 (Miss.2009) (quoting Reuben v. State, 517 So.2d 1383, 1386 (Miss.1987)) (internal citations omitted). There is no evidence of prosecutorial' misconduct in withholding the statement, nor is there evidence that the State was concealing the fact that it would call Evans as a witness. Even without* the statement, Evans testified that Burkes said Thomas had stabbed her. The trial 'judge followed the * appropriate remedial* procedures in Rule* 9.04(1), and* we find that no miscarriage of justice occurred.
3.Character Evidence
¶20. Thomas argues inadmissible character evidence was presented that prejudiced his defense and that the trial court should have declared a mistrial.
¶ 21. Whether to declare a mistrial is committed to the sound discretion of the trial court, Brent v. State, 632 So.2d 936, 941 (Miss.1994). The failure of the court to grant a motion for mistrial will not be overturned on appeal unless the trial court abused its discretion. Bass v. State, 597 So.2d 182, 191 (Miss.1992).
¶ 22. During direct examination by the State, Evans said that Burkes thought Thomas was trying to steal her money. Thomas objected, and the jury was excused from the courtroom. The trial judge heard from counsel and sustained the objection. He. then offered* a curative instruction to the defense. Thomas’s counsel refused the instruction saying it “would only act to bolster the statement.” The trial judge agreed and-instructed the State not to develop the testimony any further. He also noted for the record that the witness spoke in a very rapid and garbled fashion and that he could not *777 make out what she was saying when’ she spoke in front of the jury.
¶ 23. Our supreme court has noted, “If sustaining the objection alone’is considered to be inadequate to remove the alleged prejudicial effect of the objected matter from the minds of the jury, then the court must be requested to instruct' the jury to disregard' the matter.” Madere v. State, 794 So.2d 200, 217 (¶ 63) (Miss.2001).
It is the well established rule in Mississippi that where a trial judge sustains an objection to testimony interposed by the defense in a criminal case and instructs the jury to disregard it, the remedial acts of the court are usually déemed sufficient to remove any prejudicial effect from the minds of the jurors. The jury is presumed to have followed the directions of the trial judge.
Vickery v. State, 535 So.2d 1371, 1380 (Miss.1988) (internal citations omitted).
¶24. The State did not elicit Evans’s testimony about Thomas trying to steal money; it was a non-responsive answer to the prosecutor’s question. The trial judge quickly sustained the defense’s objection and offered to instruct the jury to disregard Evans’s statement. Clearly, the trial judge was not even sure the jury could understand the statement. Defense counsel chose to refuse the instruction that would have cured any prejudicial effect and cannot now argue that it was error for the trial judge not to give the instruction. The court properly offered a curative instruction, and we find it did not abuse its discretion in denying, the defendant’s motion for a mistrial.
4., Dr. Toevs’s Testimony
¶ 25. Thomas next argues that Dr. Toevs’s testimony from the previous trial should not have been admitted into evidence because she was not unavailable within the meaning of Mississippi Rule of Evidence 804.
¶26. This Court employs an abuse-of-discretion standard when considering a trial court’s determination that a witness is unavailable. Russell v. State, 670 So.2d 816, 827 (Miss.1996).
¶27. Mississippi Rule of Evidence 804(a)(5) states that’ a witness is unavailable 'if he is “absent from the hearing[,] and the proponent of his statement has been unable to procure his attendance ... by process or other reasonable means.” Our supreme court has held that the State must make a “diligent effort” to locate a missing witness. Stoop v. State, 531 So.2d 1215, 1220 (Miss.1988). “However[,] this does not require the State ‘to do everything conceivable’ to locate the witness.” Naylor v. State, 759 So.2d 406, 409 (¶ 7) (Miss.2000) (quoting Russell, 670 So.2d at 828).
¶ 28. The State had its criminal investigator, R.D. Thaggard, testify on his efforts to locate Dr, Toevs. Thaggard stated that he began searching for Dr. Toevs two months before trial by speaking to her former colleagues at the University of Mississippi Medical Center, performing an internet search, and contacting a hospital in Virginia, He was unable to locate Dr. Toevs, and he stated that another investigator had also been unable to find her. Thomas.urges .that this Court should-hold that the State did. not meet its burden because no one contacted the Drug Enforcement Administration when attempting to locate Dr. Toevs. -
¶29. In Russell, our supreme court held that attempts made by the district attorney’s secretary to locate two missing witnesses were adequate to satisfy the diligent-effort test. Russell, 670 So.2d at 827-29. The secretary issued subpoenas to Parchman where it was suspected the witnesses might be- located. Id. Upon be *778 ing informed that one prisoner was released to Washington County, she contacted the county but was unable to locate the witness and made no further efforts. Id
¶ 30. Following the diligent-effort standard, we find the State made reasonable and diligent efforts to locate Dr. Toevs. It was not required to. do everything conceivable to locate her, The trial court committed no error when it held that the State established Dr. Toevs’s unavailability.
5. Limit on Cross Examination,
¶ 31. Thomas asserts that his inability to question Dr; Toevs about the victim’s drug and alcohol use improperly limited his Tight to cross-examine the witness because of her unavailability.
¶ 32. Thomas moved to exclude Dr. Toevs’s testimony on the ground that she was available (not unavailable under Rule 804 of the Mississippi Rules of Evidence). At trial, he did not object because cross-examination was limited. Because Thomas never objected on this basis at trial and now raises an error on appeal different from that raised in the trial court, this issue is procedurally. barred. See Jones v. State, 606 So.2d 1051, 1058 (Miss.1992) (citing Willie v. State, 585 So.2d 660, 671 (Miss.1991)).
¶ 38. Further, there was no legal error committed in the second trial. Dr. Toevs was found to be unavailable; her testimony fit within an established hearsay exception; and her prior testimony was properly admitted. That her' testimony did not contain the particular evidence Thomas wished is not an error of the court; Thomas never made a proffer of evidence regarding the .victim’s drug or alcohol use at either trial, and he did not secure an expert witness to review the medical records and testify. ..Any error committed in the first trial was cured when the first conviction was reversed and a new trial was granted. Thomas cannot continue to attack his first trial in hopes of gaining relief from his second conviction.
¶34. THE JUDGMENT OP THE HINDS COUNTY CIRCUIT COURT OP CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND COUNT II, FELON IN POSSESSION OF A WEAPON, AND SENTENCE AS A HABITUAL OFFENDER TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, clj., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. See Thomas v. State, 19 So.3d 130, 135 (¶¶ 23-24) (Miss.Ct.App.2009).